UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY F. HOFFMAN,

             Plaintiff,

    v.

KEVIN JONES, et al.,

             Defendants.

No.  2:15-cv-1748-EFB P

ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42
U.S.C. § 1983.  He has filed three discovery motions – one seeking leave to propound additional
interrogatories and admissions (ECF No. 17) and two to compel discovery (ECF Nos. 19 & 20).
Defendant has filed oppositions to each motion.  ECF Nos. 21, 23, & 24.[1]  For the reasons stated
hereafter, plaintiff's motion for leave to propound additional interrogatories and admissions is
denied and his motions to compel are granted in part.

---

[1] After the oppositions were filed, plaintiff filed four supplements to his motions to
compel.  ECF Nos. 27, 28, 29 & 30.  He has also submitted a declaration in support of one of
those supplements.  ECF No. 31.  In a separate order (ECF No. 32) the court struck the latter two
supplements (ECF Nos. 29 & 30) and the declaration (ECF No. 31).  Only plaintiff's first two
supplements will be considered.  Plaintiff subsequently submitted a "request to consolidate"
seeking to have the stricken filings reinstated.  ECF No. 33.  That request is denied for the same
reasons stated in the court's previous order.

<u>Legal Standards</u>

I.     <u>Additional Interrogatories and Requests for Admission</u>

Federal Rule of Civil Procedure 33 limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to an extent consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 33(a). This limitation is based on the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment . . . ." Advisory Committee Note, 146 F.R.D. 675, 675 (1993). The limitation is designed "not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery." *Id.* Rule 26(b)(2) provides that:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "The party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary." *Waterbury v. Scribner*, 2008 U.S. Dist. LEXIS 53142, 2008 WL 2018432 at *2 (E.D. Cal. 2008) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. MN 1999)).

The Federal Rules of Civil Procedure do not establish a numerical limit on requests for admission. Fed. R. Civ. P. 36(a).

II.     <u>Motions to Compel</u>

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are

2

alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

<u>Analysis</u>

I.      <u>Motion for Leave to Propound Additional Interrogatories</u>

Plaintiff's motion seeks leave of the court to ask defendant thirty interrogatories and an unspecified number of requests for admissions. ECF No. 17 at 1. He argues that this additional discovery is necessary because he is a pro se litigant and is unable to pay for, or conduct a proper deposition. *Id.* The scheduling order in this case provides that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served no later than September 1, 2017. ECF No. 16 at 4. Plaintiff filed the instant motion for additional interrogatories on August 24, 2017.[2] ECF No. 17 at 1. Defendant argues that plaintiff's motion should be denied because: (1) the time for serving additional interrogatories has now expired; (2) plaintiff has not requested or shown good cause for modifying the scheduling order; and (3) plaintiff has not set forth the "particularized showing" required to support his request for additional interrogatories. ECF No. 21 at 4-6.

Defendant's argument is well taken. Plaintiff has not shown good cause for requesting additional interrogatories one week before the expiration of the deadline for propounding such discovery. As defendant points out, the reason for this additional discovery – plaintiff's practical inability to depose the defendant – was (or should have been) known to him at the outset of the discovery period. Thus, he could have moved for this additional discovery well in advance of the September deadline, rather than one week before. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that a party seeking modification of a scheduling order

_____

[2] *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

should generally show that, even with the exercise of due diligence, he could not meet the order's requirements).  He has not articulated any reason for failing to move more diligently.

Additionally, plaintiff has not offered any explanation as to why these additional interrogatories are substantively necessary.  That is, he has not provided any description of the issues that require further development in discovery.[3]  Thus, he has failed to make the "particularized showing" described in the foregoing standard.

With respect to requests for admission, the Federal Rules of Civil Procedure do not prescribe a numerical limit.  *See* Fed. R. Civ. P. 36(a).  Plaintiff could have propounded as many of these requests as he saw fit within the discovery deadline.  This request is, accordingly, moot.

## II.     Motions to Compel

Plaintiff has filed two motions to compel (ECF Nos. 19 & 20), and defendant has filed oppositions (ECF Nos. 23 & 24).  The court will grant both motions in part for the reasons identified below.

### A.     Motion to Compel Production of Documents (ECF No. 19)

There are thirteen requests for production relevant to this motion.  The court will weigh each in turn.

#### 1.     Request for Production Number One

Plaintiff seeks "[e]very document in plaintiff[']s booking file including inmate request[s], grievances (sic) and relevant material."  ECF No. 23 at 3.

Defendant objected to this request because it: (1) called for the production of documents equally available to plaintiff; (2) is vague and ambiguous; (3) is not reasonably calculated to lead to the discovery of admissible evidence; and (4) is overbroad.  *Id.*  Subject to these objections, defendant stated that the requested documents (as he understood the request) had already been provided in a separate case before this district - *Hoffman v. County of Lassen*, 2:15-cv-1558-KJN.  *Id.*

---

[3] The court also concludes that, after reviewing his motion to compel (ECF No. 20), several of plaintiff's interrogatories are cumulative.  This also weighs against a finding that additional interrogatories are necessary.

Plaintiff acknowledges receipt of these documents in his motion. ECF No. 19 at 5. He argues, however, that they are no longer in his possession because prison rules restrict the amount of property he can possess at a given time. *Id.* Plaintiff states that he sent these documents "home." *Id.* Defendant persuasively argues that these documents remain in plaintiff's possession insofar as he has the legal right to obtain it on demand. ECF No. 23 at 3. Plaintiff has not offered any explanation as to why he cannot contact the individual to whom these documents were mailed and request that they be sent back to him. Thus, these documents are equally available to plaintiff and defendant should not be compelled to provide them again.

### 2. Request for Production Number Two

Plaintiff seeks his "complete medical file from medical in Lassen ADF and that of California Ferensic [sic] Medical Group." *Id.* at 3-4.

Defendant objected to this request because it was: (1) compound; (2) overbroad; (3) vague and ambiguous; and (4) calls for production of documents equally available to the propounding party. *Id.* Defendant then stated that, after a diligent search, he determined that he was not in possession of a medical file held in the Lassen County Jail. *Id.* at 4. Finally, he contended that any medical records created by non-party California Forensic Medical Group are equally available to plaintiff. *Id.*

The court will sustain defendant's objections. First, defendant states that he is not in possession of any medical file at the Lassen County Jail. The court cannot compel a party to produce documents he does not possess. Second, plaintiff has failed to explain why the relevant California Forensic Medical Group ("CFMG") files were not available to him. *See Garcia v. O'Rafferty*, No. 1:14-cv-00476-BAM (PC), 2017 U.S. Dist. LEXIS 38945, *3 (E.D. Cal. March 17, 2017) ("The Court also will not compel the parties to produce documents that are equally available to both parties."); *see also Grabek v. Dickinson*, CIV S-10-2892 GGH P, 2012 U.S. Dist. LEXIS 97699, * 2 (E.D. Cal. January 13, 2012) (the moving party bears the burden of establishing why the non-moving party's objection is not justified). He points to a discovery dispute with defendant in a separate case in this district – *Hoffman v. Lassen Adult Detention Facility*, 2:15-cv-1558-JAM-KJN – and argues that the court in that case directed him to obtain

these documents from the defendant.  ECF No. 19 at 6.  He does not cite to any filing in that case to support this point, however.  And defendant states, by way of a footnote, that the court in that case merely declined to issue subpoenas to non-parties on plaintiff's behalf and noted that he had not demonstrated that those documents were only available by subpoena.  ECF No. 23 at 4 n. 1; *see also Hoffman,* 2:15-cv-1558-JAM-KJN, ECF No. 57 at 2 ("With respect to the non-parties listed in the pending requests, plaintiff has not demonstrated that the documents and records sought are obtainable only through those non-parties.  It appears that many of the documents sought, such as grievances filed by plaintiff while housed at the Lassen County Jail, are obtainable from defendants.  For these reasons, plaintiff's requests for subpoenas are denied.").

### 3. Request for Production Number Three

Plaintiff seeks "[e]very memorandum to staff, operating procedure (O.P.), jail/department operating procedure, inmate handbook or any document that is authorized by law to implament (sic) this policy."  ECF No. 23 at 5.

Defendant objected to this request on the basis that it was: (1) compound; (2) vague and ambiguous as to 'this policy'; (3) overbroad; and (4) not reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  He stated that, in light of these objections, he was unable to conduct a search for responsive materials.  *Id.*

Plaintiff's request, as originally served, is vague.  He failed to identify the policy in question, and, generally, a party is not required to speculate when responding to discovery requests.  *See Noble v. Gonzalez,* 1:07-cv-01111-LJO-GSA-PC, 2013 U.S. Dist. LEXIS 121252, *48 (E.D. Cal. August 26, 2013).  Plaintiff has now clarified that he was referring to the "policy of not allowing coraspondence (sic) between inmates who are family."  ECF No. 19 at 7.  However, defendant states that this articulation is a misstatement of any policy followed by Lassen County.  ECF No. 23 at 5.  Additionally, the court notes that this request is overbroad insofar as it is not confined to any specific time period.

Nevertheless, in the interests of moving this case forward, the court will direct defendant to provide plaintiff with any written policies or procedures in effect at the Lassen County Jail in May 2015 which governed prisoners' access to and use of United States mail at that time.  Any

6

procedures and policies specifically governing mail between prisoners are of obvious relevance here.  Review of plaintiff's complaint indicates that these policies and procedures (assuming any exist) are the only conceivably relevant ones in this case.  Further, plaintiff's pro se and incarcerated status weighs in favor of leniency during the discovery process.  *See*, *e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (affording pro se litigant leniency with regard to discovery matters).

### 4.    Request for Production Number Four

Plaintiff seeks "[c]opies of every letter that has been confiscated and used in an actual prosecution of a crime, or lead to the disruption of the jail[']s daily functions."  ECF No. 23 at 5.

Defendant objected on the basis that this request was: (1) overbroad; (2) vague and ambiguous as to location and time; (3) not reasonably calculated to lead to the discovery of admissible evidence; and (4) calling for disclosure of information  protected by a nonparty's right to privacy.  *Id.* at 6.

Defendant's objections are sustained.  The number of documents encompassed by this request could, as defendant suggests, be virtually unlimited.  Additionally, the limited relevancy of other prisoners' mail does not outweigh the logistical and privacy concerns[4] implicated in their production.

### 5.    Request for Production Number Five

Plaintiff seeks "[t]he document or portion of both state and federal law you have used to validate and execute this policy."  *Id.*

Defendant objected on the basis that this request was vague and ambiguous as to which policy plaintiff was referring to.  *Id.*  He also objected on the basis that these documents were equally available to plaintiff.  *Id.*

As with request for production number four, this interrogatory is vague.  The relevant policy is clear from plaintiff's complaint, however.  Thus, defendant is directed to provide

---

[4] Plaintiff argues that documents related to criminal prosecutions are matters of public record.  He has also sought any letters that merely lead to disruption of the jail's daily functions, however.

plaintiff with copies of any state or federal law referenced or relied upon in drafting procedures and policies governing prisoner mail at Lassen County Jail in May of 2015.  If the laws in question are lengthy and cumbersome to produce in paper, defendant may instead provide plaintiff with citations so that he may refer to the documents using law library resources.

### 6.    Request for Production Number Six

Plaintiff requests "[t]he names of every person within the last 10 years you have denied them the right to write whoever they want as the first amendment allows." *Id.*

Defendant objected on the basis that: (1) it is an "interrogatory masquerading as a request for production"; (2) vague and ambiguous; (3) overbroad; (4) not reasonably calculated to lead to the discovery of admissible evidence; and (5) and called for disclosure of information protected by a non-party's right to privacy. *Id.* at 7.

Defendant's objections are sustained.  It is unclear how this information has any relevance in this suit.  As defendant points out, he has already admitted that Lassen County restricts prisoner to prisoner correspondence.  *Id.*  Plaintiff does not need evidence of prior enforcement to establish the existence of that fact.  And it is unclear how a list of all prisoners against whom the policy was enforced over the last decade is relevant in any other way to the claims at issue here.

### 7.    Request for Production Number Seven

Plaintiff seeks "[e]very document you have used to enforce and/or imping [sic] upon the inmate population[']s first amendment rights." *Id.*

Defendant objected on the basis that this request lacked foundation, was overbroad, and was ambiguous as to "First Amendment rights", "enforce", and "impinge." *Id.*

These objections are also sustained.  First, the request for production necessarily presumes that defendant acted unlawfully – an allegation he has denied.  Second, this request is clearly overbroad insofar as the First Amendment encompasses rights other than a prisoner's access to mail – e.g., access to the courts, free exercise of religion, etc.  And even if the request is construed as limited to prisoner mail, the number of potentially responsive documents would be virtually unlimited insofar as it encompasses not only policy documents, but also documents related to disciplinary proceedings and internal staff administration.

1                         8.        Request for Production Number Eight

Plaintiff seeks "[e]ach and every document that establishes the jails operating procedures and policys (sic)." *Id.* at 8.

Defendant objected on the basis that this request was not reasonably calculated to lead to discovery of admissible evidence, is overbroad, and is vague and ambiguous. *Id.* The objections are sustained. The burden of producing all documents that establish each and every procedure and policy at Lassen County Jail would be extreme for defendant. Further, it is far from clear how procedures and policies not related to prisoner mail would be relevant to the issues in this case.

                        9.        Request for Production Number Nine

Plaintiff seeks "[e]very memorandum, policy, or other that you have authored that has changed how daily operations of the jail." *Id.*

Defendant objected on the basis that this request was unintelligible, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* The objections are sustained for the same reasons identified *supra* in addressing request number eight. The court also agrees that this request is unintelligible as written.

                      10.        Request for Production Number Ten

Plaintiff seeks "[e]very letter used as evidence for the purpose of prosecution, or that of a rule violation inside the jail." *Id.* at 9.

Defendant objected and stated that this request was: (1) cumulative; (2) unintelligible; (3) overbroad; (4) not reasonably calculated to lead to the discovery of admissible evidence; and (5) called for disclosure of information protected by a non-party's right to privacy. *Id.* These objections for the same reasons identified *supra* in addressing request number four.

                      11.        Request for Production Number Eleven

Plaintiff seeks "[a] copy of every rule violation that its sole causation was because of a letter or inmate coraspandance (sic)." *Id.* at 10.

Defendant objected on the basis that this request was: (1) overbroad; (2) vague and ambiguous; (3) not reasonably calculated to lead to the discovery of admissible evidence; and (4)

called for disclosure of information protected by a non-party's right to privacy. *Id.* The objections are sustained. The broadness of this request, especially in light of the fact that no time period is specified, places an undue burden on defendant.

### 12. Request for Production Number Twelve

Plaintiff seeks "[t]he dockuments (sic) that disclose the approx. amount of man hours spent in reading "kites" or logging them." *Id.*

Defendant objected that this request was: (1) overbroad; (2) vague and ambiguous as to time and location; and (3) not reasonably calculated to lead to the discovery of admissible evidence. *Id.*

The objections are sustained. Plaintiff has not explained how the number of hours spent by Lassen County Prison staff reading notes sent by inmates is in any way related to the penological necessity of the policy forbidding those notes. Nor has he articulated a theory by which these documents would be reasonably calculated to lead to other, admissible evidence.

### 13. Request for Production Number Thirteen

Plaintiff seeks "Ms. Simonis (sic) booking file in regards to inmate request." *Id.* at 11.

Defendant objected on the basis that the request was: (1) vague and ambiguous; (2) not reasonably calculated to lead to the discovery of admissible evidence; and (3) calling for the disclosure of information protected by a nonparty's right to privacy. *Id.*

These objections are sustained. Defendant notes that Casey Simoni is the mother of one of plaintiff's children. *Id.* Plaintiff has not explained how Ms. Simoni's booking file is relevant to his claims. And the court accepts defendant's contention that the booking file includes significant private information, including Simoni's: (1) medical history; (2) disciplinary records; and (3) correspondence with correctional staff.

### B. Motion to Compel (ECF No. 20)

There are twenty-one interrogatories relevant to this motion. The court will weigh each in turn.

*/////*

*/////*

1             1.  <u>Interrogatory Number One</u>

2          **The interrogatory**: "Plaintiff contends you violated his First Amendment rights of

3        freedom of speech to send written correspondence to another inmate, state with specificity all the

4        facts of law that support your contention."  ECF No. 24 at 3.

5          Defendant objected on the basis that this interrogatory was unintelligible, lacking in

6        foundation, and calling for speculation.  *Id.*  Subject to his objections, defendant stated that he

7        could not answer the question insofar as it was unclear what "contention" plaintiff was referring

8        to.  *Id.*

9          The objections are sustained.  Presumably plaintiff intended to ask after the facts of law

10       that support defendant's contention to the contrary – that is, that there was no violation of

11       plaintiff's First Amendment rights.  Defendant advanced several penological interests for the

12       underlying policy in answering interrogatory three.  *Id.* at 4.  Thus, the court will not require

13       defendant to provide a cumulative answer.

14            2.  <u>Interrogatory Number Two</u>

15         **The interrogatory**:  "Name all persons involved that help authored the current policy at

16       the Lassen County ADF.  Be sure to include full names, badge numbers, and title of position."  *Id.*

17       at 3.

18         Defendant objected to the interrogatory as: (1) unintelligible; (2) overbroad; (3) lacking in

19       foundation; and (4) calling for speculation.  *Id.*  Subject to those objections, defendant stated that

20       he could not respond because it was unclear which "current policy" plaintiff was referring to.  *Id.*

21         The court finds that plaintiff has not carried his burden of showing that the authorship of

22       the policy is in any way relevant to the question of whether the policy is related to legitimate

23       penological objectives.  *See McCoy v. Holguin*, No. 1:15-cv-00768-MJS (PC), 2017 U.S. Dist.

24       LEXIS 9081, *18 (E.D. Cal. January 23, 2017) ("Plaintiff, as the moving party, bears the burden

25       of demonstrating relevance.").  Thus, it will not compel defendant to provide the names of all

26       individuals involved in authoring the prisoner mail policy.

27       /////

28       /////

### 3. Interrogatory Number Three

**The interrogatory**: "Given the current policy concerning inmate correspondence what proof do you have that it currently or in the past serves a penological interest or justification." *Id.* at 4.

Defendant objected to this interrogatory as: (1) vague; (2) ambiguous as to the policy it was referring to; (3) overbroad; and (4) calls for speculation. *Id.* Subject to these objections, defendant identified several penological interests served by the policy, including: (1) preventing movement of contraband; (2) preventing conspiracy and unrest in an inmate population; (3) preventing inmates from issuing threats or intimidating others; and (4) promoting efficient operation of the detention facility. *Id.*

In his motion to compel, plaintiff argues that this answer was insufficient insofar as it does not quote jail policy, explain who wrote the policy, or indicate what incident occurred which justified the policy. ECF No. 20 at 7. These arguments are unpersuasive. This interrogatory did not ask defendant to quote jail policy or reveal the identity of the individual(s) who wrote the policy. Finally, as defendant argues, policies do not always have their origin in a single incident.

The court finds that defendant's answer to this interrogatory was adequate.

### 4. Interrogatory Number Four

**The interrogatory**: "Please provide and disclose every incodent (sic), action, or isolated jail problem that was caused by male and female wards writing one another." *Id.*

Defendant objected that this interrogatory: (1) lacked foundation; (2) was not reasonably calculated to lead to discovery of admissible evidence; (3) was compound; (4) was vague and ambiguous to the terms "incident, action, or isolated jail problem"; (5) was overbroad as to time; and (6) requested information that could infringe on a non-party's right to privacy. *Id.* Subject to these objections, defendant answered that the existence or non-existence of such incidents was not relevant to whether the policy served a legitimate penological interest. *Id.*

/////

/////

/////

The objections are sustained.  Defendant notes that plaintiff has "erroneously simplified" the policy into a prohibition on male and females writing one another.  *Id.* at 4.  Thus it is unclear how directing defendant to catalogue such incidents would be relevant to this case.  Additionally, this request is clearly overbroad insofar as it does not specify any time period.

### 5.  Interrogatory Number Five

**The interrogatory**: "Discribe (sic) the operating procedure that you direct your staff to use in processing the incoming and outcoming mail."  *Id.* at 5.

Defendant objected that this interrogatory: (1) lacked foundation; (2) is vague and ambiguous; and (3) is compound.  *Id.*   Subject to those objections, defendant responded that he did not direct staff regarding the processing of mail.  *Id.*  He admitted, however, that in 2015 he oversaw staff members who were involved in the processing of mail.  Id.  Defendant described the procedure as "officers would open any mail that appeared to be suspicious to check for contraband. They would only read the mail 'for cause.'"  *Id.*

Plaintiff argues that this answer was insufficient insofar as "he knows for a fact" that every letter processed at Lassen County Jail is opened and read.  ECF No. 20 at 9.  Plaintiff does not explain how he knows this fact or what evidence he has to support this contention.  The court will not order defendant to supplement his answer merely because plaintiff disagrees with its substance.[5]  This answer was sufficient.

### 6.  Interrogatory Number Six

**The interrogatory**: "As you have previously stated and fervently fought to get in the record that A.D.F. is a small jail, with specific detail can you answer under oath you did not know of the plaintiff's sons injuries?"  ECF No. 24 at 6.

Defendant objected that this interrogatory was not calculated to lead to the discovery of admissible evidence, was vague and ambiguous as to time, and lacks foundation.  *Id.*  Subject to these objections, defendant stated that he was unaware of the injury at the time and still has no personal knowledge of the allegation.  *Id.*

---

[5] The court notes that defendant also submitted a verification indicating that his responses were true to the best of his knowledge.  ECF No. 25 at 26-27.

In his motion, plaintiff expresses doubts about the truth of defendant's answer. ECF No. 20 at 10. The court will not, indeed cannot, direct defendant to change his answer merely because plaintiff chooses not to believe it. Moreover, it is unclear how the injuries to plaintiff's son are in any way relevant to the question of whether the Lassen County Jail's prisoner mail policy is constitutional. This answer was sufficient.

### 7. Interrogatory Number Seven

**The interrogatory**: "Answering in preciosity (sic) what penological interest dose (sic) your impingment (sic) of First Amendment rights serve as it pertains to staff and daily jail operations. Provide documents by support your claim." ECF No. 24 at 6.

Defendant objected to this interrogatory as: (1) lacking foundation; (2) vague and ambiguous; (3) cumulative; and (4) compound. *Id.* Subject to those objections, defendant denied infringing on plaintiff's First Amendment rights and offered the same penological interests as those stated *supra*, in his response to interrogatory number three. *Id.*

In his motion, plaintiff argues that defendant has not shown that the policy in question is actually related to a legitimate penological interest. ECF No. 20 at 11. Defendant was not required to prove this point in his interrogatory responses and a motion to compel is not the appropriate vehicle in which to argue the overall merits of the case. This answer was sufficient.

### 8. Interrogatory Number Eight

**The interrogatory**: "Given your alleged penological interest of security and that of peaceful operations (sic), what proof can you provide of any logged incident, facility problem, or that of staff or jail disruptions of operation (sic) can you provide that letters from inmate to inmate have caused." ECF No. 24 at 7.

Defendant objected to this interrogatory as: (1) cumulative; (2) lacking in foundation; (3) not reasonably calculated to lead to the discovery of admissible evidence; (4) is vague and ambiguous; and (5) potentially infringing on a non-party's right to privacy. *Id.* Subject to those objections, defendant stated that the existence of such incidents was irrelevant to the question of whether the policy served a legitimate penological objective. *Id.* Finally, defendant states that he is not aware of any responsive evidence. *Id.*

Plaintiff deems this answer evasive in his motion. ECF No. 20 at 12. Defendant, however, explicitly states that he is unaware of any responsive evidence. The court cannot compel a party to furnish information that they do not possess. This answer was sufficient.

### 9. Interrogatory Number Nine

**The interrogatory**: "In the greatest of detail for the application of legal responsibility who is the authority for daily functions of the jail and its policys (sic)." ECF No. 24 at 7.

Defendant objected to this interrogatory as unintelligible and overbroad. *Id.* He states that he cannot form a response because he does not understand what plaintiff means by "for the application of legal responsibility," "the Authority," "daily functions," or which "policies" are subject to this question. *Id.*

Plaintiff attempts to clarify his interrogatory in his motion. ECF No. 20 at 13. He states that "for the application of legal responsibility" refers to a member of the senior staff who is legally responsible for problems or deficient policies." *Id.* Plaintiff clarifies that "the authority" refers to the individual in command of the jail. *Id.* He states that "daily functions" refers to the inner workings of the jail on a daily basis "from opening a door, to filing a report, everything." *Id.* Finally, he states that "policies" refers to "each and every rule, policy, 'O.P.' that is used by staff or effecting the inmate population." *Id.*

The foregoing clarifications demonstrate that this interrogatory is overbroad insofar as it asks after responsibility for every conceivable element of jail administration. One aspect of the interrogatory is clear, however – plaintiff is asking the name and title of the official with overall command of the Lassen County Jail in May of 2015.[6]  Answering that sub-question will not greatly burden defendant and, accordingly, he shall provide that information to plaintiff.

### 10. Interrogatory Number Ten

**The interrogatory**: "With the greatest specificity (sic) give the reason you impinged upon First Amendment rights concerning inmates writing one another when the former

---

[6] Plaintiff does not specify a time period, but given the allegations in the complaint the court will presume he is inquiring after the commander at the time plaintiff was incarcerated there.

Commander allowed it.  What occurred as far as penological interest go to change that?  Provide proof and documented incidents to support."  ECF No. 24 at 8.

Defendant objected to this interrogatory as: (1) lacking in foundation; (2) vague and ambiguous as to "former Commander" and as to time; (3) calls for speculation; and (4) is compound.  *Id.*  Subject to these objections, defendant stated that he had not infringed on inmates' First Amendment rights, did not have any personal knowledge of the actions of any "former Commander" on the topic of inmate to inmate communication, and that it was his understanding that such correspondence had not previously been allowed at the jail.  *Id.*

Plaintiff states that he doubts the honesty of defendant's answer.  ECF No. 20 at 14.  Again, the court will not dictate changes to a party's interrogatory answers based on the opposing party's doubts.  If plaintiff has evidence that contradicts defendant's responses, he may rely upon it in a dispositive motion or at trial.   This answer was sufficient.

### 11.   Interrogatory Number Eleven

**The interrogatory**: "Please describe and provide proof of any incident that you/your persons can link with specific events that a plain letter was the causation of, where in validating a penological justification/interest."  ECF No. 24 at 8.

Defendant objected to this interrogatory as: (1) vague and ambiguous; (2) not reasonably calculated to lead to the discovery of admissible evidence; (3) is compound; (4) and creates an incomplete hypothetical.  *Id.*  Subject to these objections, defendant stated that the existence of such an incident is not relevant to the question of whether the policy at issue in this case is related to legitimate penological interests.  *Id.*

In his motion to compel, plaintiff argues that defendant's failure to provide specific events indicates that the underlying policy is an "exaggerated response based on 'paranoid delusions.'"  ECF No. 20 at 15.  These arguments go to the merits of the case and do not bear on the sufficiency of defendant's interrogatory response.  Moreover, plaintiff is cautioned that specific incidents are not always necessary to satisfy the rational connection test in *Turner v. Safley*, 482 U.S. 78 (1987).  In *Frost v. Symington*, the Ninth Circuit explained that:

/////

When the inmate presents sufficient (pre- or post-) trial evidence that refutes a common-sense connection between a legitimate objective and a prison regulation . . . the state must present enough counter-evidence to show that the connection is not so remote as to render the policy arbitrary or irrational. . . . On the other hand, when the inmate does not present enough evidence to refute a common-sense connection between a prison regulation and the objective that government's counsel argues the policy was designed to further, the governmental objective is [presumed] legitimate and neutral, . . . *Turner's* first prong is satisfied.

197 F.3d 348, 356-357 (9th Cir. 1999) (internal citations and quotation marks omitted); *see also Jones v. Brown*, 461 F.3d 353, 360-361 (3d. Cir. 2006) ("[S]atisfying [*Turner's* rational connection burden] may or may not require evidence; where the connection is obvious, common sense may suffice . . . ."). Thus, plaintiff's proclamation that defendant cannot demonstrate that the policy is related to legitimate penological objectives and that he is entitled to judgment on the merits is premature.

Defendant's answer to this interrogatory was sufficient.

### 12. Interrogatory Number Twelve

**The interrogatory**: "Is it policy of the jail to read incoming/outgoing mail." ECF No. 24 at 9.

Defendant objected to this interrogatory as: (1) vague and ambiguous; (2) overbroad; and (3) compound. *Id.* Subject to those objections, defendant responded that:

In 2015, Lassen County Jail policy allowed staff to open and inspect any publications or packages received by an inmate. Additionally, staff could read incoming inmate mail after obtaining permission from the facility manager due to a valid security reason. Staff could open and inspect mail for contraband. Staff were not permitted to read legal mail, but legal mail could be opened and inspected in the presence of the recipient to look for contraband, cash, and money orders. They applied the same policy to outgoing mail. If outgoing mail was opened, the inmate would be notified.

*Id.*

Plaintiff states that this response is false insofar as "all mail is opened outgoing." ECF No. 20 at 16. This dispute goes to the substance of, rather than the sufficiency of the response. As before, the court will not compel a party to change the substance of his answer. If plaintiff has evidence that different mail policies were enforced at the jail, he may rely on that evidence in a

17

dispositive motion or at trial.  Curiously, plaintiff also seems to take issue with defendant for providing a more detailed answer.  He states "plaintiff simply asks if it is policy to read all incoming and outgoing mail; a yes or no question."  *Id.*  Defendant clearly answered that question and the court will not fault him for providing more, rather than less, detail in doing so.  This answer was sufficient.

### 13. Interrogatory Number Thirteen

**The interrogatory**: "With the greatest of detail please answer and provide proof of letters, docet (sic) number, or any other type of proof that validates the impingment (sic) of the Turner v. Safley rule or that of the First Amendment."  ECF No. 24 at 9.

Defendant objected to this interrogatory as: (1) compound; (2) lacking in foundation; (3) cumulative; (4) overbroad; and (5) vague and ambiguous.  *Id.*  Subject to those objections, defendant denied that he had infringed on prisoners' First Amendment rights.  *Id.*  He also stated that the existence of letters or docket numbers is irrelevant to whether the correspondence policies are reasonably related to legitimate penological interests.  *Id.*  Defendant went on to restate the penological objectives the policies purportedly address.  *Id.*

Defendant's objection that this interrogatory is vague and overbroad is sustained.  It is unclear what plaintiff means by "validates the impingment (sic)" of either the *Turner v. Safley* rule or the First Amendment.  Defendant has explicitly denied that he infringed on prisoners' First Amendment rights.  It is also far from clear how a defendant would "validate" a failure to comply with *Turner* test.   To the extent plaintiff is asking for the rationale(s) justifying the correspondence policies, defendant has pointed to relevant penological objectives in his previous answers.  Additionally, defendant has answered similar interrogatories (number eight, *see supra*; number fourteen, *see infra*) by stating that he is unaware of any responsive evidence.

Plaintiff does not offer any clarifications or arguments addressing the merits of defendant's objections in his motion.  Instead, he continues to argue the merits of his claim.  ECF No. 20 at 17-18.  A motion to compel is not the appropriate vehicle for proving his claim.  He will have an opportunity to do so as this action progresses.

/////

18

### 14. Interrogatory Number Fourteen

**The interrogatory**: "Please name and provide factual physical support of the incident(s) that are directly related to inmate to inmate letters that support and validate your infringement of First Amendment rights?" ECF No. 24 at 10.

Defendant objected to this interrogatory as: (1) vague and ambiguous; (2) cumulative; (3) overbroad; and (4) lacking in foundation. *Id.* Subject to those objections, defendant denied infringing on prisoners' First Amendment rights. *Id.* He also restated the penological objectives the policies purportedly address. *Id.* Finally, defendant stated that he was not aware of any relevant "incidents." *Id.*

In his motion to compel, plaintiff argues that this "rubber stamp response" demonstrates that the policies in question are not related to legitimate penological objectives. ECF No. 20 at 19. These contentions do not bear on the legitimacy of defendant's objectives. Additionally, defendant has stated that he is unaware of any incidents, and the court cannot compel a party to provide information that he does not possess. This answer was sufficient.

### 15. Interrogatory Number Fifteen

**The interrogatory**: "Providing proof and a direct and unobscured chain of events based on factual findings that letter writing umong (sic) inmates poses a problem that constitutes your policy." ECF No. 24 at 10.

Defendant objected to this interrogatory as unintelligible and lacking in foundation. *Id.* He stated that he could not furnish a response because he did not understand what the interrogatory meant or what information it was intended to solicit. *Id.*

The court will sustain defendant's objection that this interrogatory is unintelligible. An extremely liberal reading of this interrogatory appears to ask defendant to provide evidence of specific incidents involving prisoner mail which justify the policy at hand. Construed in this manner, this interrogatory is functionally identical to interrogatory fourteen, to which defendant denied having any responsive information.

/////

/////

19

1                16.      Interrogatory Number Sixteen

2      **The interrogatory**: "What physical non-conclusitery (sic) proof can you provide to

3 support a penological intrest (sic) that justifies impingment (sic) of first amendment rights." *Id.* at

4 11.

5      Defendant objected to this interrogatory as: (1) lacking in foundation; (2) vague and

6 ambiguous; and (3) overbroad. *Id.* Subject to these objections, defendant stated that he did not

7 understand what plaintiff meant by "physical non-conclusitery" proof and could not reasonably

8 determine whether responsive information could be provided. *Id.* Defendant then restated the

9 penological interests which the policies were intended to address. *Id.*

10      In his motion to compel, plaintiff clarifies that he intended to ask "what illogical

11 conclusions were used to bring about a halfwit policy that has no integrity to uphold what its

12 claim to." ECF No. 20 at 21. Defendant already identified the penological interests that

13 purportedly underlie the correspondence policies. The court finds defendant's answer to be

14 adequate and will not compel a further response.

15               17.      Interrogatory Number Seventeen

16      **The interrogatory**: "In your contention of a justifiable penological intrest (sic) would you

17 say your enacted policy supports the least means of restriction on First Amendment right?" ECF

18 No. 24 at 11.

19      Defendant objected to this interrogatory as: (1) not reasonably calculated to lead to the

20 discovery of admissible evidence; (2) lacking in foundation; (3) vague and ambiguous as to

21 "enacted policy"; and (4) calling for an improper lay opinion. *Id.* In light of his objections,

22 defendant stated he could not respond to the question. *Id.*

23      Defendant's objections to this interrogatory are overruled. The immediate policy relevant

24 to this case – the restriction on mail exchange between inmates - is evident from the allegations in

25 plaintiff's complaint. Thus, the court is not persuaded that the interrogatory is vague or

26 ambiguous on this point. Nor is the court persuaded by the other grounds on which defendant

27 objects. Whether the policy at hand is the least restrictive means of achieving the stated

28 penological objectives is directly relevant to the issues in this case. And although defendant is

not an attorney, he may still opine as to whether the circumstances at the jail in May of 2015 demanded the level of restriction set forth by the foregoing policy.

### 18. Interrogatory Number Eighteen

**The interrogatory**: "Can you provide a running log that states with precision why you would copy an inmates mail that's out going?" *Id.* at 12.

Defendant objected to this interrogatory as: (1) lacking foundation; (2) vague and ambiguous as to "running log"; (3) presenting an incomplete hypothetical; and (4) overbroad. *Id.* Subject to these objections, defendant stated that "no written list of reasons why inmate mail might be copied exists. Any copies made for cause would be placed in an inmate's file as part of an investigation." *Id.*

The court finds that this answer was adequate. Defendant states that no log exists, and the court cannot compel the production of material that does not exist. In his motion to compel, plaintiff argues that defendant's answer to interrogatory eighteen is inconsistent with his answer to interrogatory twelve. ECF No. 20 at 22. He cites the fact that staff had to obtain permission from a manager to open an inmate's mail. *Id.* Nothing in the answer to interrogatory twelve indicated that these requests for permission were transcribed or entered into a written log, however. Thus, the court accepts defendant's contention that no log exists.

### 19. Interrogatory Number Nineteen

**The interrogatory**: "In having a such type log, it would be plainly obvious that you read inmates outgoing mail correct." ECF No. 24 at 12.

Defendant responded to this interrogatory by re-emphasizing that no written log exists. *Id.* Thus, this answer will be deemed adequate on the same basis identified *supra* with respect to interrogatory eighteen.

### 20. Interrogatory Number Twenty

**The interrogatory**: "In reading the incoming and outgoing mail would you say penological interest are upheld by cencorship (sic) or prevention of crime?" *Id.* at 12.

Defendant objected on the basis that the interrogatory: (1) lacked foundation; (2) is argumentative; and (3) is unintelligible. *Id.* at 13.

Defendant's objection that this interrogatory is unintelligible as stated is sustained.  To the extent plaintiff is simply asking whether defendant believes that surveillance of incoming and outgoing mail supports penological interests, that question has already been asked and answered.  In his answer to interrogatory number sixteen, defendant stated that:

> Any restrictions on correspondence at Lassen County Jail are reasonably related to legitimate penological interests.  Legitimate penological interests may include: preventing movement of contraband or dangerous items to or from inmates; preventing conspiracy and unrest among the inmate population preventing inmates from issuing threats or intimidating others; and promoting the efficient operation of the detention facility.

ECF No. 24 at 11.  The court interprets "restrictions on correspondence" to apply to surveillance of inmate mail.   In his motion to compel, plaintiff cites these penological objectives and states that defendant is intentionally evading "a direct question of penological interest."  ECF No. 20 at 23.  The court is unable to follow this argument.  Additionally, plaintiff's motion sheds no light on the most confounding part of this interrogatory, namely the relevant relationship between censorship, crime prevention, and the surveillance of inmate mail.

### 21.    Interrogatory Number Twenty-One

**The interrogatory**: "Keeping in mind that Gennie McArther was present do you recall telling the plaintiff you would take his good time credits for exercising his First Amendment rights?"  ECF No. 24 at 13.

Defendant objected to this interrogatory as: (1) lacking foundation; (2) argumentative; and (3) vague and ambiguous.  *Id.*  Subject to those objections, defendant stated that he did not recall such a conversation and that, instead, this interrogatory mischaracterized a conversation between plaintiff and defendant in July of 2015.  *Id.*

This answer was adequate.  In his motion, plaintiff argues that he did not mischaracterize the relevant conversation.  ECF No. 20 at 24.  As stated several times *supra*, the court will not compel a party to change the substance of his answer based on the parties' disagreement as to the facts.

/////

/////

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that:

1.    Plaintiff's motion for leave to ask additional interrogatories and admissions (ECF No. 17) is DENIED;

2.    Plaintiff's motion to compel production of documents (ECF No. 19) is GRANTED in part, as follows:

      a.    Defendant shall provide plaintiff with any written policies or procedures in effect at the Lassen County Jail in May 2015 which governed prisoners' access to and use of United States mail at that time.

      b.    Defendant shall provide plaintiff with copies of any state or federal law referenced or relied upon in drafting procedures and policies governing prisoner mail at Lassen County Jail in May of 2015.  If the laws in question are lengthy and cumbersome to produce in paper, defendant may instead provide plaintiff with citations so that he may refer to the documents using law library resources.

      c.    The motion is denied in all other respects.

3.    Plaintiff's motion to compel (ECF No. 20) is GRANTED in part, as follows:

      a.    Defendant shall provide plaintiff with the name and title of the official with overall command of the Lassen County Jail in May of 2015.

      b.    Defendant shall answer interrogatory number seventeen by opining whether the circumstances at the jail in May of 2015 demanded the level of restriction set forth by the policy forbidding mail between inmates.

      c.    The motion is denied in all other respects.

4.    Defendant shall have thirty days from the date of this order's entry to furnish plaintiff with information set forth above.

DATED:  November 29, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE