UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY F. HOFFMAN,

    Plaintiff,

v.

KEVIN JONES,

    Defendant.

No. 2:15-cv-1748-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion for injunctive relief. ECF No. 26. As discussed below, the motion must be denied.

<u>Legal Standards</u>

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Additionally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

1

rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).

## Background

Plaintiff asks the court to enter an injunction which removes him from his current prison job. ECF No. 26 at 3. He states that "at any given time he has about 23 cases in court" and that the time constraints of his current job do not permit him to litigate this many cases effectively. *Id.* at 2-3. Plaintiff offers several alternative jobs which he believes would better accommodate his litigative practices. *Id.* at 3.

## Analysis

The Supreme Court has held that the right of access to courts does not require the state to enable a prisoner to "litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Implicit in plaintiff's motion is the untenable argument that state prisoners have a constitutional right to act as full-time litigants. *Lewis* confirms that they do not. Accordingly, plaintiff has not demonstrated that he is likely to succeed on the merits. Nor has he shown that he is likely to suffer irreparable harm in the absence of preliminary relief, or that the balance of equities tips in his favor, and that an injunction is in the public interest.

## Conclusion

The parties have not consented to magistrate judge jurisdiction. Accordingly, it is hereby ORDERED that the Clerk randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 26) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE