UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN JONES, et al., <br><br> Defendants. | No. 2:15-cv-1748-MCE-EFB P <br><br><br> ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel – the third such motion he has filed in this action. ECF No. 39; *see also* ECF Nos. 19 & 20. For the reasons stated hereafter, the motion is denied.

**I.  Background**

On November 30, 2017, after reviewing plaintiff's motion to compel production of documents (ECF No. 19), motion to compel (ECF No. 20), and defendant's oppositions to both motions (ECF Nos. 23 & 24), the court granted plaintiff's motions in part. ECF No. 34. Specifically, the court ordered defendant to:

> 1.  Provide plaintiff with any written policies or procedures in effect at the Lassen County Jail in May 2015 which governed prisoners' access to and use of United States mail at that time.
>
> 2.  Provide plaintiff with copies of any state or federal law referenced or relied upon in drafting procedures and policies governing prisoner mail at Lassen County Jail in May of 2015. If

1

> the laws in question are lengthy and cumbersome to produce in paper, defendant may instead provide plaintiff with citations so that he may refer to the documents using law library resources.
>
> 3. Provide plaintiff with the name and title of the official with overall command of the Lassen County Jail in May of 2015.
>
> 4. Answer interrogatory number seventeen by opining whether the circumstances at the jail in May of 2015 demanded the level of restriction set forth by the policy forbidding mail between inmates.

*Id.* at 23.

On January 22, 2018, plaintiff filed the current motion to compel. ECF No. 39. Therein, he argues that, on January 12, 2018, he received part of the discovery the court directed defendant to provide. ECF No. 39 at 3. Specifically, defendant provided the following response:

> Objection. Respondent defendant Kevin Jones ("Respondent" or "Jones") objects to this request for production because it is compound, vague and ambiguous as to "this policy," is overbroad, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Jones responds as follows: The Court narrowed the scope of this request. This request is now deemed to mean "any written policies or procedures in effect at the Lassen County Jail in May 2015 which governed prisoners' access to and use of United States mail." ECF No. 34, 23:7-9. Following a diligent search, Jones has located and produced Policy Number 3-25 from the Lassen County Sheriff's Department ADF/CCF Manual of Policies and procedures. Also see Jones' supplemental response to request number five.[1]

*Id.* at 24. Policy Number 3-25 is attached to plaintiff's motion, thus it appears that it was actually produced by defendant. *Id.* at 25-33. Now plaintiff argues that defendant should also be compelled to produce the "Lassen County Sheriff Department ADF/CCF Manual of Policies and Procedures." *Id.* at 4.

Additionally, plaintiff appears to be dissatisfied with defendant's response as to interrogatory seventeen – whether the circumstances at Lassen County Jail in May 2015

/////

---

[1] In his supplemental response to request number five, defendant referred plaintiff to the following legal authorities: Cal. Penal Code § 2601; Cal. Code Regs. tit. 15, §§ 1063, 3165, & 3174a (2000); Cal. Penal Code §§ 6024, 6030; and Cal. Code Regs. tit. 15, §§ 1063, 1066, 1068, & 1083(h) (2015). ECF No. 39 at 24.

2

demanded the level of restriction set forth by the policy forbidding mail between inmates. *Id.* at 6-7. Defendant's supplemental response to this interrogatory was:

> Objection. Respondent objects to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, is vague and ambiguous at (sic) to "your enacted policy," and calls for an improper lay opinion. Subject to and without waiving these objections, Jones responds as follows: The Court interpreted and narrowed the permissible scope of this interrogatory. See ECF No. 34, 23:19-21. The circumstances at the Lassen County Jail in May 2015 did demand the level of restriction on inmate-to-inmate correspondence established by County policy. Legitimate penological interests include: preventing the movement of contraband or dangerous items to or from inmates; preventing conspiracy and unrest among the inmate population; preventing inmates from issuing threats or intimidating others; and , promoting the efficient and safe operation of the detention facility.

*Id.* at 19-20. Now, plaintiff argues that defendant did not answer whether the policies in place at that time were the least restrictive means of achieving the relevant penological objectives. *Id.* at 8.

## II. Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## III. Analysis

The court, having reviewed defendant's responses and produced documents, finds them to be adequate and fully compliant with the court's November 30, 2017 order. Although plaintiff argues that defendant should be compelled to provide the entire manual of jail policies and

procedures, the court's order clearly directed only the production of written policies dealing with inmates' access to and use of mail during the relevant time period. ECF No. 34 at 23. Defendant complied with this direction and, as noted *supra*, produced responsive material. Plaintiff now seeks to compel material outside the scope of the court's order, including the entire jail policy manual (ECF No. 39 at 11) and "all internal memos [daily operations], inmate handbook, employee handbook, O.P. operations procedures, and any manual that outlines how policy is made, applied, and most importantly taught." *Id.* at 12. Discovery in this case is now closed (*see* ECF No. 16) and the court will not take up plaintiff's new, untimely requests for further document production. This request to compel is denied.[2]

With respect to defendant's supplemental interrogatory answer, plaintiff argues that defendant failed to answer whether the mail policy in place at the jail was the least restrictive means of achieving the stated penological objectives. ECF No. 39 at 8. A close reading of defendants' answer, however, reveals that he stated as much. Notably, he opined that "[t]he circumstances at the Lassen County Jail in May 2015 *did demand the level of restriction* on inmate-to-inmate correspondence established by County policy." *Id.* at 19-20 (emphasis added). Thus, this request will also be denied.

Both parties have requested sanctions with respect to this motion. Plaintiff's request is denied as his motion to compel was unsuccessful. *See, e.g., Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful). The court will also deny defendant's request for sanctions. In reaching this determination, the court takes note of plaintiff's limited financial means and his layman status.

**IV. Conclusion**

Based on the foregoing, it is ORDERED that:

1. Plaintiff's motion to compel (ECF No. 39) is DENIED; and

---

[2] Plaintiff also appears to make the merits argument that the mail policy in place at Lassen County Jail in May of 2015 "is on its face unconstitutional . . . ." ECF No. 39 at 5. This argument is not appropriate for disposition in a motion to compel.

2. Both parties' requests for sanctions are DENIED.

DATED: May 3, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE